The petition in this cause is filed under the provisions of an act entitled, "An act concerning declaratory judgments and decrees," chapter 140, P.L. 1924 p. 312, and seeks a determination as to the validity of an act entitled, "An act concerning mutual benefit associations," chapter 187, P.L. 1936p. 445, charging the invalidity of the latter statute; petitioners also seek to enjoin the defendant, Carl K. Withers, commissioner of banking and insurance, from taking any proceedings under such act against the petitioner or its officers, agents, or employes.
The Commonwealth Beneficial Association and the Capitol Mutual Benefit Association were given leave to intervene as petitioners, under orders made by this court.
The Provident Friendly Society and the Cosmopolitan Relief Association filed similar petitions in separate causes. Orders to show cause were made in these several causes seeking to enjoin the defendant pendente lite in accordance with the prayer of the petitions, and the orders came on for a hearing; by consent of all parties interested, it was stipulated that joint briefs should be filed on behalf of all the petitioners. It was also stipulated in open court that no proceedings against the petitioners under the act in question would be taken by the defendant pending the disposition of the orders to show cause.
The petitioners are all incorporated under the provisions of an act entitled, "An act to incorporate beneficial and charitable associations," approved April 9th, 1875 (Revision of New Jersey, page 79). The purpose of the act of 1936 concerning mutual benefit associations, now in question, is to regulate the affairs of mutual benefit associations as defined in the act and to bring them under the supervision of the department of banking and insurance of the State of New Jersey. The procedure adopted by the petitioner under the Declaratory Judgment act is not questioned by the defendant, so far as concerns the present application, for an order restraining the defendant from proceeding under the act in question until the final determination of this cause. In support *Page 136 
of the claim that the act is unconstitutional, it is urged, first, that the act is invalid because it violates article 4, section 7, paragraph 11 of the constitution of New Jersey, prohibiting the passage of special laws; and, second, that it violates article 14, section 1 of the amendments to the constitution of the United States, prohibiting the denial of equal protection of the laws.
Section 1 of the statute in question provides as follows:
"1. For the purpose of this act a mutual benefit association is hereby declared to be a corporation, society or voluntary association, other than a fraternal beneficiary society, order, or association and other than an insurance corporation, organized without capital stock, and carried on for the sole benefit of its members and their beneficiaries and not for profit, and making provision for the payment of benefits in case of sickness, disability or death of its members, the fund from which the payment of such benefits shall be made and the fund from which the expenses of such association shall be defrayed being derived from fees, dues, assessments or other contributions collected from its members."
Section 18 of the act excepts from its provisions certain corporations, organizations and associations therein enumerated which may be classed as follows:
(a) Corporations, societies, or associations carrying on the business of life, health or accident insurance for profit or gain;
(b) fraternal beneficial societies as defined in the act entitled, "An act regulating fraternal beneficiary societies, orders or associations," approved March 11th, 1893;
(c) twelve fraternal orders named, and all "similar orders;"
(d) mutual associations admitting to membership only members of the orders named in (c) above;
(e) associations formed exclusively of employes of one or more counties, cities, c., of this state;
(f) firemen's relief and patrolmen's benevolent associations;
(g) firemen's or policemen's organizations;
(h) employes, of a designated firm, business house or corporation; *Page 137 
(i) plans operated by any hospital or group of hospitals approved by the department of institutions and agencies which offer to the subscribers free hospital service when needed;
(j) mutual benefit associations which admit to membership only persons resident in this state, of a specified religion or nationality, which pay no commissions for the procurement of new members or for the collection of contributions from members, which hold stated meetings at least six times annually at which members may vote in person, and all of whose trustees and officers serve without substantial remuneration.
Section 20 of the act provides:
"If section eighteen of this act shall be held unconstitutional or invalid in whole or in part this entire act shall be null and void and of no further force or effect, but if any other section, clause or provision of this act shall be held unconstitutional or invalid, such determination shall not be held to affect any other clause, section or provision hereof."
From an examination of section 18 of the statute, it appears that the legislature has seen fit to except from the provisions of the act the classes of associations enumerated, and these exceptions from the act appear to be closed membership associations and organizations such as do not offer their benefits to the general public and whose members have some mutual tie, independent of their association for the purpose of mutual protection, so that upon the face of the act, it appears that the legislature had before it facts which justified such a classification. It may be that of the associations excepted, the hospital plans should be omitted as an exception because of their not coming within the class of mutual benefit associations; however, that exception may have been made merely as a matter of precaution to avoid any possible question of their being subject to the act.
In the exercise of its power to make classifications for the purpose of enacting laws over matters within its jurisdiction, there is a wide range of legislative discretion. The question of classification is primarily for the legislature, and cannot *Page 138 
be said to be a judicial question except for the purpose of determining in any given situation whether the legislative act is clearly unreasonable. The legislature clearly has the power to regulate mutual benefit associations, and when this power exists the details of legislation and the proper exceptions to be made rest primarily within the discretion of the legislature. The courts do not interfere with the legislative judgment unless it can be said that there was no fair reason why the act should not require with equal force its extensions to other associations exempted by the act. When the classification of the law is assailed, the burden of showing that it does not rest on any reasonable basis but is essentially arbitrary, is upon the one attacking the law. Legislation which affects some, but not all of the subjects which are related or similar to each other is not for that reason invalid. A law is special in a constitutional sense when, by force of an inherent limitation it arbitrarily excepts some persons, places or things from others upon which, but for such limitation, it would operate. See Budd v.Hancock, 66 N.J. Law 133.
The principle is elementary that where the validity of a statute is assailed and there are two possible interpretations, by one of which the statute would be unconstitutional and by the other it would be valid, the court should adopt the construction which would uphold it. Every exercise of police power involves, of necessity, the determination by the law maker of some fact quite apart from the exercise of any legislative discretion concerning it. See Hopper v. Stack, 69 N.J. Law 562.
In the act in question, the mere fact that the legislature has exempted certain specified classes from the operation of what would otherwise be an act of general application, is not in itself sufficient to invalidate the statute, unless it appear that such an exemption is arbitrary and lacking in a reasonable basis and foundation. Upon the facts as they presently appear, which must necessarily be found upon the face of the act, I cannot determine that the exceptions in section 18 render the act unconstitutional by force of the provision in section 20 of the act. *Page 139 
The remaining attack on the unconstitutionality of the act relates to its title. The petitioners urge that article 4, section 7, paragraph 4 of the constitution of New Jersey which provides that the object of every act should be expressed in the title, is violated because of the exceptions set forth in section 18. The title of the act is broad enough to embrace all mutual benefit associations, and the mere fact that it excepts from its provisions certain associations coming within the purview of the act by its title, does not violate the constitutional provision referred to.
In the case of State v. Davis, 72 N.J. Law 345, affirmed by the court of errors and appeals, 73 N.J. Law 680, where an objection was raised to the title of the act which read, "An act for the protection of pigeons and other fowl * * *" and which by its provisions excepted from its operation the shooting of game, the court held that it is not within the constitutional interdiction to except out of an act any class otherwise within it which the legislature does not desire to cover by the enactment. This case further holds that there must not be "mixed in one and the same act such things as have no proper relation to each other. To except from an act one of the class which the act would otherwise interdict is not to intermingle subjects having no relation to each other, but to legislate, it seems to us, upon a subject covered by the statute and germane to its provisions, and to give expression in the one act to the legislative purpose covering all the subjects embraced within the object of the statute."
Many valid acts of the legislature, the titles of which refer to the general object of the legislation, except from their operation certain classes which would well come within the purview of the title. The purpose of the constitutional provision that the object of an act should be expressed in its title, I think is fully met by the title of the act in question.
I am therefore unable to determine that the act now before me is unconstitutional upon its face or upon any facts which now appear in the petitions filed herein. Accordingly the orders to show cause, seeking restraint pending the final determination in the various causes, will be dismissed. *Page 140